ELIZABETH M. DAVIS, APPELLANT, V. MAURICE SULLI-
VAN, APPELLEE.

FILED JANUARY 4, 1893.   No. 4776.

Injunction: SURFACE WATER: SUFFICIENCY OF EVIDENCE. The plaintiff owned a lot in the city of Omaha, which she purchased in the spring of 1873 and took possession of the same in the fall of that year. The lot was inclosed. The defendant purchased the lot adjoining the plaintiff's lot on the south in 1872 and took possession thereof, and the division fence between the two lots was recognized as the true line for seventeen years. In an action to enjoin the defendant from permitting surface water to flow on the plaintiff's lot, *held*, that there was a failure of proof to entitle the plaintiff to recover and there was no equity in the petition.

APPEAL from the district court of Douglas county. Heard below before TIFFANY, J.

*Holmes & Macomber,* for appellant.

*Cowin & McHugh, contra.*

MAXWELL, CH. J.

This is an action to restrain the defendant from permitting surface water to flow from his lot upon the premises of the plaintiff and prevent him from interfering with any barriers she may erect and maintain to prevent the flow of such water, and for general relief. On the trial of the cause the court found the issues in favor of the defendant and dismissed the action. The plaintiff appeals.

The plaintiff in this case is the owner of the east half of lot 9, in block 4, in Kountze & Ruth's addition to the city of Omaha. The defendant is the owner of lot 10, in said block, adjoining and south of said lot 9. The land in this block slopes downward from south to north at a somewhat abrupt grade, and it also slopes somewhat from the west toward the east. The lots in said block extend east and west from Eighteenth street to Nineteenth street. Just east of the center of the lots, and hence about the middle of the block, a ditch or gully has long existed, extending from south to north through the entire block. The ground in the block inclined from Eighteenth street westward to this ditch or gully and from Nineteenth street eastward to the same. Thus the surface water of said block found its natural and accustomed outlet through this ditch or gully running northward therein through the block to St. Mary's avenue. The defendant purchased lot 10 in 1872, and at once entered into possession thereof. The plaintiff purchased lot 9 in the spring of 1873, going into possession thereof in the fall of that year. At the time Mr. Sullivan purchased his lot there was a fence along its north side on

the line between his lot and the lot in question. This fence was standing when Mrs. Davis purchased her lot. It remained standing, being at times repaired on the same line, until 1886. About a year after the plaintiff had purchased and occupied lot 9, a fence was built along the north side of her lot, separating it from lot 8. Plaintiff's lot has thus been inclosed by fence on the north and south since 1874. Plaintiff's lot has, according to the plat and her deed, a frontage and width of fifty feet, and from 1874, when her north fence was built, she has had her full width and frontage of fifty feet inclosed, and enjoyed the posses-sion thereof. In 1886 the plaintiff sold the west half of her lot and erected a block of three tenement houses upon the east half of her said lot. In grading and excavating for these tenements she caused the earth therefrom to be placed immediately in the rear of said buildings, which thereby raised the surface of the ground in the rear of said buildings several feet and obstructed the flow of the surface water. This seems to have caused the surface water which fl wed from the southern part of the block to run on the plaintiff's lot and at times into her tenement houses. To prevent this the plaintiff undertook to construct a drain south of said tenements to carry off this surface water eastward to Eighteenth street. The defendant claims that this drain was being constructed across the line on his lot, to w ich he in vigorous terms seems to have objected. The plaintiff thereupon brought this action. The court below, hearing all the evidence, found the issues in favor of the defendant and dismissed the action. Mrs. Davis testifies as follows:

Q. Was there a fence on the south of that house?

A. Yes, sir.

Q. State to the court whether that fence was there when you moved on the property.

A. Yes, sir; dividing us from Mr. Sullivan's lot.

Q. Mr. Sullivan owned the lot south of it?

A. Yes, sir.

Q. State whether or not that fence remained all the time you were living on the lot.

A. Yes; the fence remained there until we commenced to build the brick building.

Q. Until you commenced to build the brick building?

A. Yes, sir; Mr. Sullivan had a sewer through the lot and caused the earth to fall about the time we were building.

Q. That was for his house?

A. Yes, sir.

Q. Did the yard inclosing your house extend over to that fence?

A. Yes, sir.

Q. Then were you in possession of it all the time from 1873 until beginning the building?

A. Yes, sir.

Q. Do you know while you were there where the fence was on the north side of the lot?

A. Just about fifty feet from the south fence.

Q. When was that fence on the north side of your lot built? Was it there when you went there?

A. No, sir; that was built about a year afterwards, I think.

Q. Do you know the distance between those two fences?

A. Yes, sir.

Q. Can you state the distance?

A. That we occupied?

Q. Yes.

A. Fifty feet.

Q. The distance in between the fences?

A. Fifty feet; Mr. Davis measured two or three times.

The division line between the plaintiff's lot and that of the defendant seems to have been accurately marked out by the fence in question, and the parties have treated it as the true line for nearly twenty years. The testimony tends to

show that it is the correct line, and that the defendant in defending his own possession was not in the wrong. There is also a failure to show that the defendant collects the surface water on his lot and causes or permits it to flow onto that of the plaintiff.   There is no equity in the petition, and the judgment of the court below is

AFFIRMED.

THE other judges concur.